Opinion op the Court.
THIS was an action of debt, upon an injunction bond. The bond was executed by Swingle, and Bruce as his security, to John and Maple Hardwick and Thomas Triplett, with the condition thereto annexed, that Swingle should pay the judgment enjoined, and the costs and damages which should be awarded against him, in case the injunction should be dissolved. The, action Av'as brought in. the names of Maple Hardwick and *244 Triplett, as surviving obligees, against tbe administrator of Bruce; and the breaches alleged in tbe condition of the bond, are, in substance, that the injunction was dissolved with teh per cent, damages and costs; but the “ said defendants to pay the said judgment at law to the said plaintiffs have not, nor did the said Swingle pay said judgment; or to pay the costs and damages recovered by tbe said plaintiffs on the dissolution of the injunction hath not; but the said plaintiffs in fact say, there remains due and unpaid the sum of $18 10 cents, ten per cent, damages awarded said plaintiffs, and 66 cents costs.” And-it is further alleged, “ that the bill of said Swingle was afterwards dismissed, and the costs of the said plaintiffs in defending said suit, awarded them; hut the said defendants to pay said plaintiffs the sum of $20 24 cents, their legal costs expended, have not, but the same to pay have wholly failed and refused.” The declaration then concludes, “ by reason of which several breaches, and by force of the statute in such case provided, the plaintiffs have a right to sue for and have the penalty of said bond; hut said defendants to pay the same have wholly failed and refused,, to plaintiffs’ damage $200.”
The.defendants demurred to the declaration, and the demurrer was sustained, and judgment rendered for them on the demurrer, to which the plaintiffs prosecuted this writ of error.
The declaration is very inartificially drawn, and is full of grammatical blunders and inaccuracies; but the laws of this country, in their benignity, overlook defects of this character, and regard sense and substance only, in the pleadings of the parties. But even in respect to substance, several of the breaches of the condition of the bond are defectively alleged. Thus, in the breach for the non-payment of the judgment at .law, it is alleged only, that the defendants, or Swingle, did not pay the judgment to the plaintiffs; but this might be true,, and yet there be no breach, in this respect, of the condi-tmn of the bond; for the defendants, or Swingle, might have paid the money to the deceased obligee in his lifetime, or the intestate of the defendants might have made the payment to the deceased obligee, or to. the plaintiffs; in either of which cases, the payment would undoubtedly have been good; and as the payment, in neither of them, is negatived by the breach as alleged, *245 this breach is clearly insufficient to entitle the plaintiffs to maintain their action. The same observations apply. with equal force to the breach alleged in the nonpayment of the costs of -the suit in chancery, and of course, it must also be deemed substantially defective. But the breach alleged in the non-payment of the sum of $18 10 cents, the ten per cent, damages awarded, and 66 cents costs, is, we apprehend, in substance a good breach. That sum is not, indeed, formally alleged not to have been paid, either by the defendants or their intestate, or S.wingle, to the plaintiffs or the deceased obligee; but such a payment is clearly negatived by the manner in which the allegation of the breach is made; for the allegation is, that, that sum remains . due and unpaid; and that allegation cannot be true, if the payment had been made by or to either of the parties concerned. For that breach the plaintiffs showed a right to recover, &c.; the circuit court, consequently erred in sustaining the demurrer to the de-’ duration.
The judgment must be reversed with costs, and the cause be remanded, for proceedings to be had, not ip? consistent with this opinion.